# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CUMBERLAND MUTUAL FIRE INSURANCE COMPANY and CUMBERLAND INSURANCE COMPANY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL GRATZ INSURERS and MICHAEL GRATZ,<br><br>Defendants. | CIVIL ACTION NO. 3:12-CV-2404<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is a Complaint by Plaintiffs Cumberland Mutual Fire Insurance Company and Cumberland Insurance Company, Inc. (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

### I. Background

Plaintiffs filed this action on November 30, 2012. Plaintiffs allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs allege that Defendant Michael Gratz "is an adult individual who resides at 1018 Westwood Drive, Clarks Summit, Pennsylvania 18411." (Compl. at ¶ 5, Doc. 1.) They also allege that Defendant Michael Gratz Insurers "is a sole proprietorship with its principal place of business located at 133 Main Street, Blakely, Pennsylvania 18447." (*Id.* at ¶ 4.) They further allege that Michael Gratz is the sole owner of Michael Gratz Insurers. (*Id.* at ¶ 6.)

### II. Analysis

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete

diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A. Individual Defendant

In this case, Plaintiffs' Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the individual Defendant. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent the Complaint alleges that Defendant Michael Gratz is a resident of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972)

2

("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiffs must allege Gratz's state of citizenship, not merely of residence. As the Complaint does not contain these facts, the Court cannot determine whether subject matter jurisdiction exists.

### B. Sole Proprietorship

For purposes of diversity jurisdiction, a sole proprietorship takes on the citizenship of its sole proprietor. *See Smith v. Agresta*, 2005 WL 950603, *1 (E.D. Pa. April 21, 2008) (citing *Beasley v. Klepp*, 1988 WL 96801, *1 (E.D. Pa. Sept. 15, 1988)). Because Plaintiffs have failed to allege the state of citizenship of Michael Gratz, who Plaintiffs allege to be the sole owner of Michael Gratz Insurers, the state of citizenship of Michael Gratz Insurers is unknown. Therefore, the Court cannot determine whether subject matter jurisdiction exists.

### III. Conclusion

As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Plaintiffs will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed. An appropriate order follows.

December 7, 2012 /s/ A. Richard Caputo

Date  A. Richard Caputo
United States District Judge